THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| JULIE HOGGAN, | ) | Case No. 2:10CV01204-DS |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM DECISION AND ORDER |
| WASATCH COUNTY, WASATCH COUNTY SHERIFF'S DEPARTMENT, and CHRIS EPPERSON, | ) ) | |
| Defendants. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

### I. INTRODUCTION

Plaintiff alleges that while an inmate at the Wasatch County Jail she was subjected to a variety of acts of verbal and sexual abuse and assault by Deputy Chris Epperson. Plaintiff's Amended Complaint contains three claims for relief: (1) section 1983 claims for violations of her rights under the U.S. Constitution; (2) claims for violations of her rights under the Utah Constitution; and (3) claims for intentional torts.

Defendants Wasatch County and Wasatch County Sheriff's Department have moved for Partial Judgement on the Pleadings (Doc. #22), in which they ask the Court "to dismiss Plaintiff's claims under Utah State Law because Wasatch County has not waived immunity, and because Plaintiff's Utah Constitutional claims are not cognizable [under the circumstances presented, and that the

court rule] that Plaintiff's Federal Constitutional Claims against Wasatch County be properly limited to an Eighth Amendment analysis." Mem. Supp. at 1.

In response, Plaintiff "stipulates that state tort claims cannot be brought against Wasatch County." Mem. Opp'n at 1. She also "stipulates to dismiss the claims against the Sheriff's Department." *Id.* at 2. However, Plaintiff maintains that she is entitled to bring claims under both the U.S. and Utah Constitutions, including the Fourth, Eighth and Fourteenth Amendments.

## II. STANDARD OF REVIEW

A Motion for judgment on the pleadings invokes Federal Rule of Civil Procedure 12(c) and is analyzed under the same standard that applies to a rule 12(b)(6) motion to dismiss. *Society of Separationists v. Pleasant Grove City*. 416 F.3d 1239, 1241 (10th Cir. 2005).

In reviewing the Complaint the Court accepts as true all well pleaded allegations of the complaint and views them in the light most favorable to the non-moving party. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). Conclusory allegation, however, are not given such a presumption. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th

2

Cir. 2008)(citing *Bell Atlantic Corp. V. Twombly*, 127 S. Ct. 1955 (2007). Thus judgment on the pleadings is appropriate when the factual allegations fail to state a claim that is plausible on its face, *id.*, or when an issue of law is dispositive. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

### III.  DISCUSSION

**A.  Utah Constitutional Claims.**

In the Third Claim of her Amended Complaint, Plaintiff alleges that her rights under Article I, Sections 7, 9, and 14 of the Utah Constitution were violated. Plaintiff seeks monetary damages for these claims.

Defendants contend that "Plaintiff may not assert a damage claim under the Utah State Constitution because she has an adequate remedy at law." Mem. Supp. at 6. Plaintiff maintains that she "is entitled to maintain claims under both the Utah Constitution and the federal Constitution because the Utah Constitution provides greater and different protections than the federal Constitution." Mem. Opp'n at 4.

The Utah Supreme Court has held that damages are recoverable if the Utah Constitutional provision violated is self-executing, and if (1) the plaintiff suffered a flagrant violation of her constitutional rights; (2) she establishes that existing remedies do not redress her injuries; and (3) equitable relief is inadequate to protect her rights or redress her injuries. *Spackman ex rel.*

*Spackman v. Bd. Of Educ. Of Box elder County School Dist.*, 16 P. 3d 533, 537-39 (Utah 2000). The Court need only reach the issue of whether an existing remedy will redress Plaintiff's injuries to resolve the present issue. The Utah Supreme Court urges caution and restraint in favor of existing remedies. *Id*. at 538-39.

Plaintiff's First and Second Claims for Relief allege claims pursuant to 42 U.S.C. § 1983 for violation of her U.S. Constitutional rights, which Defendants assert encompass her Utah Constitutional claims. Indeed, Plaintiff pleads that violation of her state constitutional rights "match and exceed the protections provided by the federal Constitution." Am. Compl. at ¶ 48. Although Plaintiff urges that there are textual and framework differences between the two constitutions, she does not explain, or even attempt to explain, why or how § 1983 fails to fully redress her injuries. From the face of her Amended Complaint it appears that Plaintiff's state constitutional claims are encompassed in her § 1983 claims and can be fully redressed by that remedy.

Courts of this District have addressed this same issue with the same conclusion. *See Nielson v. City of South Salt Lake*, No. 2:06-CV-335-CW, 2009 WL 3562081 at *9 (D. Utah Oct. 22, 2009)(stating that "[t]he state constitutional claims [of due process, cruel and unusual punishment, unreasonable search and seizure, and slavery] do not provide for any further redress than [plaintiff] can obtain under § 1983"); *Cavanaugh v. Woods Cross*

4

*City*, No. 1:08-CV-32-TC-BCW, 2009 WL 4981591 at *6 (D. Utah Dec. 14, 2009), *aff'd,* 625 F.3d 661 (10th Cir. 2010)(holding that plaintiffs that brought a claim under Article I, Sections 7, 9, and 14, of the Utah Constitution "cannot state a claim for damages ... because their injuries can be fully redressed through their 42 U.S.C. § 1983 claim").

Because she has not established that existing remedies do not redress her injuries, Plaintiff's Third Claim for Relief of the Amended Complaint must be dismissed.

**B. Eight Amendment**

Defendants next urge that because Plaintiff was a convicted incarcerated inmate, her § 1983 claim must be analyzed under the Eight Amendment. Plaintiff asserts that prisoners retain Fourth and Fourteenth Amendment protections.

Plaintiff's claim is clearly cognizable under the Eighth Amendment. "It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993).

And while Plaintiff may retain other constitutional protections, the primary source of that protection is the Eighth Amendment. "After conviction the Eighth Amendment 'serves as the primary source of substantive protection ... in cases ... where the deliberate use of force is challenged as excessive and

5

unjustified.'" *Graham v. Connor*, 490 U.S. 386, 395 n. 10 (1989)(quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)). *See also Adkins v. Rodriguez*, 59 F.3d 1034, 1037 (10th cir.1995)(quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)(although plaintiff generally invoked other constitutional amendments, her claims concerning conditions of confinement "remains bounded by the Eighth Amendment, the 'explicit textual source of constitutional protection' ... in the prison context"); *Hostetler v. Green*, 323 Fed. Appx. 653, 659 (10th Cir. 2009)("[a]lthough [plaintiff, a female who alleged she was sexually assaulted by a male inmate], as a pretrial detainee, asserts a right stemming from the Fourteenth Amendment Due Process Clause, ... in determining whether her right was violated we apply an analysis identical to that applied in Eighth Amendment cases brought under § 1983"); (*Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996)(inmate's claim of inadequate medical care analyzed under Eighth Amendment and not more general provisions of substantive due process of Fourteenth Amendment). And *see United States v. Lanier,* 520 U.S. 259, 272, n. 7 (1997)(explaining that *Graham v. Connor,* 490 U.S. 386 (1989), "does not hold that all constitutional claims relating to physically abusive government conduct must arise under either the Fourth or Eighth Amendments" but that "*Graham* simply requires that if a constitutional claim is covered by a specific constitutional provision, such as the Fourth

6

or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process"). Here, the Eighth Amendment provides a specific provision appropriate to analyze Plaintiff's claims.

Even if the Court were to find that Plaintiff's claims are cognizable under the Fourteenth Amendment, the Supreme Court has held that the Due Process Clause of the Fourteenth Amendment affords no greater protection than the Eighth Amendment. *See Whitley v. Albers*, 475 U.S. 312, 326-27 (1986)("the Eighth Amendment, which is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions, serves as the primary source of substantive protection to convicted prisoners in cases such as this one, where the deliberate use of force is challenged as excessive and unjustified" and "[i]n these circumstances the Due Process Clause affords respondent no greater protection than does the [Eighth Amendment]").

In her opposition pleading, Plaintiff, without citation to specific controlling authority, also assets that the sexual assaults she alleges are seizures within the meaning of the Fourth Amendment. In the absence of controlling case law, the Court is not persuaded that sexual assault by a guard in a prison setting is a seizure for purposes of the Fourth Amendment. In any event, it seems clear that the constitutional provision most applicable to this case is the Eighth Amendment.

In sum, while Plaintiff may be entitled to other constitutional protections, the Eighth Amendment is her primary source of constitutional protection for the claims alleged. It follows that the analytical framework for Eighth Amendment claims is most appropriate for Plaintiff's claims alleged here.

**IV. CONCLUSION**

For the reasons stated, Defendants' Motion for Partial Judgment on the Pleadings (Doc. #22) is Granted. Therefore, it is ordered that Defendant Wasatch County Sheriff's Department is dismissed; the Third and Fourth Claims of the Amended Complaint as to Wasatch County are dismissed; and in determining whether her rights were violated, an Eighth Amendment analysis is to be applied.

DATED this 28th day of July, 2011.

BY THE COURT:

*David Sam*

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT