THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
JULIE HOGGAN,                        )
                                     )
         Plaintiff,                  )
                                     )
   vs.                               )
                                     )         MEMORANDUM DECISION
WASATCH COUNTY, et al.,              )
                                     )             AND ORDER
         Defendants.                 )
_____)
                                     )
DEBORAH HATCH,                       )
                                     )
         Plaintiff,                  )         Civil No. 2:10CV01204
                                     )         Civil No. 2:12cv00673
   vs.                               )         Consolidated for Discovery,
                                     )         Pretrial & Dispositive Motions
WASATCH COUNTY, et al.,              )
                                     )
         Defendants.                 )
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

Plaintiffs Hoggan and Hatch have filed Motions to Amend Complaint and Add Named Defendants (Doc. #50 & #51) pursuant to Fed. R. Civ. P. 15(a)(2), which provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." The Rule further provides that "[t]he court should freely give leave when justice so requires." *Id.*

Plaintiff Hoggan's Motion seeks to add § 1983 claims against two newly named defendants who were County employees during the relevant time period, Sheriff Von Waggoner and Deputy Sheriff Winterton. Plaintiff Hatch's Motion seeks to add the

forgoing, plus § 1983 claims against four newly named case worker employees or former employees of the Utah Department of Corrections.

Defendant Wasatch County objects to the Motions essentially because "Plaintiffs seek to add two new parties, but fail to bring a motion to add or join parties" and that "more than two years have expired since the cause of action arose against these two new County defendants and Plaintiffs claims do not fall within the narrow exception in the relation back doctrine found in FRCP rule 15(c)." Opp'n at 5..

Plaintiffs' Motions encompass the adding of newly named parties and the Motions are clearly labeled as requesting such relief. Additionally, Wasatch County's position that proposed claims against two former County employees named as new defendants are barred by a two year statute of limitations is incorrect. "Utah's four year residual statute of limitations ... governs suits brought under section 1983." *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995). Because Wasatch County's argument with respect to the relation back doctrine of Rule 15(c) relies on an incorrect two year limitations period, that position is rejected for purposes of the present motions.

Because leave to amend is to be freely given when justice so requires, and it appearing that it is in the interest of justice to grant leave[1], Plaintiffs' Motions to Amend

---

[1] *See Hom v. Squire,* 81 F. 3d 969, 973 (10th Cir. 1996)(citation omitted)("[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason ... the leave sought should, as the rules require, be 'freely given'").

Complaint and Add Named Defendants (Doc. #50 & #51) are granted.

    IT IS SO ORDERED.

DATED this 23rd day of April, 2014.

                                   BY THE COURT:

*[signature]*
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT